ROSA FORTINBERRY, BY NEXT FRIEND, v. MARSHALL HOLMES.

[42 South. Rep., 799.]

PARENT AND CHILD.   *Persons in loco parentis.   Punishment of child.* ·

One standing in *loco parentis* toward a child is not liable in damages at its suit for chastisement inflicted, although its mother, when leaving it with him to be supported, educated, cared for, and "treated as his own child," stated that it was not to be whipped.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Rosa Fortinberry, a minor, suing by her next friend, was plaintiff, and Marshall Holmes was defendant, in the court below.

The action was for damages resulting from alleged cruelty to plaintiff, a child, left by her mother with appellee to be supported, educated, cared for, and "treated as his own child." On one occasion appellee chastised appellant for some misconduct, and appellant instituted therefor this civil action for damages. On the trial below the mother testified that she expressly stated to appellee, when she gave him the custody of the plaintiff, that the child was not to be whipped. After hearing all the testimony, the court below found that appellee stood in *loco parentis,* that the action would not lie, and gave a peremptory instruction for the defendant.

*Holden & Cassidy,* and *Clem V. Ratcliff,* for appellant.

If the relation of *loco parentis* existed in this case, it was created by contract, and is therefore restricted to the terms of the contract.

The child was not by nature dependent upon the defendant. The defendant was not the lawful guardian of the child. The

plaintiff had not been adopted by the defendant. They were not related. There was no relation of any kind or character between the plaintiff and the defendant, except that created and established by the agreement under which the child went to live with the defendant. That agreement is definitely set out in the record. The proof shows that the defendant was specifically denied the right to chastise the child at all for any cause or reason. The defendant denies this part of the testimony of Mrs. Fortinberry, the mother of the child. This presents squarely a question of fact under the declaration and the evidence for the jury. The question of whether or not the child stood in the relation of *loco parentis* to the defendant ought to have been submitted to the jury for their determination.

*Mixon & Butler,* for appellee.

The appellant concedes that no civil action was maintainable by her, if the appellee stood in *loco parentis* towards her, and this is the established doctrine. *Newlett* v. *Ragsdale,* 68 Miss., 703; 21 Am. & Eng. Ency. Law (2d ed.), 1035. The direction that the child should not be chastised for misconduct was inconsistent with the relation arising out of the assumption of its care and custody, and contrary to its best interests. The authority of one who had assumed the duty of a parent towards the child cannot be affected thereby.

CALHOON, J., delivered the opinion of the court.

It is conceded, and is plainly the law, that, if Holmes stood in *loco parentis,* there could be no civil action by the child. It is also conceded, as is clear from this record, that he was in that relation, unless it was changed by the testimony of the mother, contradicted by several witnesses, that, when she gave the child, she said she was not to be whipped. This does not alter the relation or change the status of the child, who was to be taken and treated as one of the children of the family.

*Affirmed.*