NOSSER v. NOSSER et al.

(Division A.   Nov. 16, 1931.)

[137 So. 491.   No. 29576.]

**Robbins & Smith,** of Vicksburg, for appellant.

**Brunini & Hirsch,** of Vicksburg, for appellees.

638

Argued orally by **Jno. Brunini**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

An automobile owned and being driven by the appellant, the adult son of Mrs. Ida Thomas Nosser, and in which she was a passenger, left the highway and turned

over with such violence as to cause the death of Mrs. Nosser. Mrs. Nosser left surviving her, her husband, Thomas Nosser, and two sons, George, and Joseph Thomas Nosser, the appellant.

This suit was instituted by Thomas and George Nosser against Joseph Thomas Nosser under section 510, Code of 1930, for the recovery of damages for the death of Mrs. Nosser. There was a judgment for the plaintiffs.

One of the assignments of error is the refusal of the court below to instruct the jury to return a verdict for the appellant. This ruling was so manifestly correct that it will be unnecessary to set out the evidence on which it was based.

The court below charged the jury for the appellees, "that under the law giving a right of action for wrongful death, the beneficiaries are the husband or wife, and their children, and that whatever is recovered therefor is equally divided among them; but in the case at bar, if your verdict shall be for the plaintiffs, Thomas Nosser and George Nosser, you shall, after agreeing upon the whole amount of the damages, taking into consideration all the damages of every kind to the decedent, and all the damages of every kind to the plaintiffs, Thomas Nosser and George Nosser and Joseph Nosser, the defendant, deduct therefrom the one-third share which would ordinarily go to Joseph Nosser and award the plaintiffs, Thomas Nosser and George Nosser, the other two-thirds thereof."

The objection to this instruction presents the same question for decision that is presented by a demurrer to the declaration which was overruled. This objection is that no action will here lie under the statute, for the reason that the defendant is one of the statutory beneficiaries of such a suit, even though not named as a plaintiff therein, and that the statute does not contemplate a suit wherein the defendant is at the same time "the beneficiary in the amount realized . . . by said

suit.'' The defendant in such a suit cannot, of course, profit thereby, for the reason that he himself must pay any damages awarded, but in the absence of an express or clearly implied prohibition against the recovery by the other relatives of the deceased, to whom the right of action is given, we are not justified in so interpreting the statute as to exclude them from recovering. Hines v. McCullers, 121 Miss. 666, 83 So. 734. This being true, no error was committed in overruling the demurrer and in granting the instruction which simply relieved the appellant from paying so much of the damages allowed, as under the statute would have otherwise inured to his benefit.

Complaint is made by the appellant of the refusal of the court below to grant his request for an instruction charging the jury ''that even though the jury believe from the evidence that some negligence of the defendant contributed to the causation of the accident (this question of negligence of either party being solely for the jury to determine), still if the jury believe from the evidence that negligence, if any, of the plaintiffs, also contributed to cause the said accident, it is the duty of the jury to compare the negligence, if any, of the parties, and in that event to reduce the damages awarded the plaintiffs, if any, in proportion to the degree of negligence, if any, attributable to the plaintiffs as a cause of injury.''

Thomas Nosser, the husband of the deceased, was riding in the automobile on the front seat beside the appellant, who was driving, at the time Mrs. Nosser was killed, and, according to counsel for the appellant, was negligent in not remonstrating with the appellant because of the speed at which he was driving.

The right to the instruction is said to be given by chapter 135, Laws of 1910, section 511, Code of 1930, which provides: ''In all actions hereafter brought for

personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.''

In Hines v. McCullers, supra, the court held that the contributory negligence of one of the beneficiaries in a suit under section 511, Code of 1930, is not a bar to a recovery. The claim here is not that such negligence is a bar to a recovery, but that it reduces the amount of damages recoverable, not only by the person negligent, but by the other innocent beneficiaries of the suit. It will be observed that the contributory negligence which the statute provides may be taken into consideration by the jury, in a suit for damages for the death of a person injured, is ''that of the person injured.'' It will not be necessary for us to decide whether the contributory negligence of a beneficiary reduces his portion of the amount of damages recoverable that would inure to his benefit, for it seems reasonably clear that the statute does not require that the contributory negligence of one of the beneficiaries in such a suit should be imputed to the other beneficiaries. 17 C. J. 1245. 8 R. C. L. 786.

Affirmed.