212 Miss. 335 (1951)
54 So.2d 476
DEPOSIT GUARANTY BANK & TRUST CO.
v.
NELSON.
No. 38044.
Supreme Court of Mississippi, Division A.
October 15, 1951.
Pyles & Tucker, for appellants.
*340 Crisler & Crisler and T.E. Caldwell, for appellee.
*343 Julian P. Alexander, Jr., and Barnett, Jones & Montgomery, amici curiae.
*345 Ethridge, C.
Appellee, plaintiff in the court below, sued her stepfather for wrongfully causing the death of his wife, appellee's *346 mother. The suit was for damages under the Mississippi wrongful death statute. Appellant contends that he was immune from suit by his wife, if she had lived, and that the wife's survivor is likewise disabled. Appellant has been adjudicated a non compos mentis, and is represented by his guardian.
In the early morning of January 8, 1948, appellant, Emmett Wellsby, a Negro man about 70 years of age, shot and killed his wife, Jessie B. Wellsby, who was 57 years old at the time. Appellee, Jerome Nelson, is the daughter and only child of the deceased, is 37 years of age and the stepdaughter of appellant Emmett Wellsby. She filed this action against her stepfather for damages for the wrongful death of her mother, in the Circuit Court of the First Judicial District of Hinds County. The court excluded punitive damages as an element of recovery. Appellee obtained a judgment in the amount of $12,000.00.
Appellant relies on the terms of Miss. Code of 1942, Sec. 1453, which are: "Whenever the death of any person shall be caused by any real wrongful or negligent act, or omission, or by such unsafe machinery, way or appliances as would, if death had not ensued, have entitled the party injured, or damaged thereby to maintain an action and recover damages in respect thereof, and such deceased person shall have left a widow or children, or both, or husband, or father, or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall, in no case affect the right of recovery."
Appellant contends that the condition in Sec. 1453, that the action must be one which could have been maintained by the person injured "if death had not ensued", refers both to (a) the nature of the wrongful act, and (b) the person entitled to recover; that the wife could *347 not have recovered from her husband under Austin v. Austin, 1924, 136 Miss. 61, 100 So. 591, 592, 23 A.L.R. 1388; and that therefore, the statutory beneficiary also has the same disability.
(Hn 1) However, for several reasons this position is not sustainable. First, the disability of the wife to sue is one personal to her, and does not inhere in the tort itself. The assault upon her is wrongful even though she is under a personal disability to sue. The reasons for the rule of immunity between husband and wife do not exist where the husband kills his wife and thus destroys the marital relationship. Second, the statutory beneficiary has a new cause of action, independent of that of the deceased, if she had survived, provided the defendant is chargeable with a wrongful act. The suit is derived from the tortious act not from the person of deceased. And third, the stated condition in the statute has no reference to the person entitled to sue but only to the sufficiency of the circumstances attending the injury and the nature of the wrongful act. That is, the defendant must be chargeable with a wrongful act.
In Austin v. Austin, supra, this Court held, with two judges dissenting, that a wife could not recover damages against her husband for injuries resulting from the negligent operation by him of his automobile in which she was riding as his guest. It was there said that "At common law there was no right of action either by husband or wife against the other for a personal tort". In this connection, the Court considered certain constitutional and statutory provisions. Miss. Const. 1890, Sec. 94, states in part that "Married women are hereby fully emancipated from all disability on account of coverture." Miss. Code of 1942, Sec. 451 follows the terms of the Constitution, Section 94. Sec. 452 provides: "Husband and wife may sue each other."
In the Austin case, the Court held that these emancipation provisions do not affect the disability of a wife to sue the husband for a tort against her person, that *348 the legislative grant of a right to the spouses to sue each other authorized such suits only where at common law there existed a cause of action, and that none existed for personal torts. The Court said that the purposes of this exception to a general emancipation were to preserve "the unity of man and wife", and the peace and tranquility of the home.
Austin was followed in H.L. Austin v. Maryland Casualty Co., Miss. 1925, 105 So. 640, where the wife injured in automobile driven by husband was denied a recovery against his insurer, based upon the terms of his insurance contract; in Scales v. Scales, 1934, 168 Miss. 439, 151 So. 551, denying wife recovery for injuries received in automobile driven by husband, and incurred prior to their marriage; and in McLaurin v. McLaurin Furniture Co., 1932, 166 Miss. 180, 146 So. 877, discussed infra.
The Austin rule is a limited exception to the general emancipation of women from all common law civil disabilities. The Constitution, Sec. 94, grants a general emancipation when it says that "Married women are hereby fully emancipated from all disability on account of coverture." See Code Sec. 452. The Austin rule of immunity was based upon a public policy of preserving the peace and tranquility of the home. However, where the husband has destroyed the marital relationship by killing his wife, the reasons for the immunity no longer exist.
Code Sec. 1453, under which this action is brought, creates an entirely new cause of action in the survivor of the deceased. Hasson Grocery Co., v. Cook, 1944, 196 Miss. 452, 17 So. (2d) 791; Leggett, Damages Under the Mississippi Wrongful Death Statute, 13 Miss. L.J. 571 (1941). It grants certain rights in the nature of survival rights, for damages to the decedent, and also allows damages resulting to the statutory beneficiaries from the subsequent death of the decedent. However, since appellee obtained instructions covering only damages to *349 herself, the present action is a new cause of action independent of that which decedent might have had. It is derived from the tortious act of appellant and not from the person of deceased. This was so held in McLaurin v. McLaurin Furniture Co., 1932, 166 Miss. 180, 146 So. 877, 879, where a wife sued the employer of her husband for personal injuries received by her as the result of the wrecking of an automobile which belonged to the employer and was driven by her husband, the employee of the defendant. Although the Court finally concluded that at the time of the accident the husband was not in the scope of his employment, it first discussed at some length whether, if he had been, the wife could recover from the employer. It was said that she could: "The primary liability of both the servant and the master is the unlawful or tortious act. These cases do not distinguish between liability and negligence. Of course, in the character of case here under consideration, if the servant were not negligent, it logically follows that in such case the master could not be negligent. The proposition demonstrates itself. However, it does not follow that, because the servant may, because of some plea as that of coverture between husband and wife, escape liability for his negligence, his master would have accorded to it the servant's protection in the law by virtue of public policy. The wrong would be existent; the servant's tort is that of the master; the remedy to the wife would be available as against the master; and the acquittal of the husband because the wife is denied a remedy would not avail the master against whom the remedy is untrammeled. It remains the unlawful act of both the master and the servant; and, although the remedy is denied the wife as against her husband, the fact of that denial cannot, in logic, be available to the master for his independent and distinct liability. The tortious act of the servant is none the less unlawful, although the wife is denied a remedy in the courts therefor. In line therewith, we are therefore of the opinion that if, in a case *350 where the tortious act of the servant is the act of the master, the master is liable proximately even though the wife may not recover from the husband, the servant. She is merely denied a remedy; this does not destroy the right of action against the master."
Clearly the McLaurin case recognizes that the act of the husband is wrongful and the wife only is denied a remedy against him. The immunity under the Austin case as to the husband does not destroy the right of action where the personal defense is non-existent. Hence the disability of the wife to sue is one which is personal to her alone, and does not inhere in the tort itself.
On the other hand, anyone claiming derivatively through the deceased wife must take the action subject to the nature of the act which is claimed to be wrongful. Hence the condition in the statute that the action must be one which could have been maintained by the deceased "if death had not ensued, has no reference to the nature of the loss or injury sustained or the person entitled to recover, but to the circumstances attending the injury and the nature of the wrongful act or omission which is made the basis of the action." 16 Am. Jur., Death, Sec. 82. It is said that this requirement is inserted in the statute "solely for the purpose of defining the kind and degree of the delinquency with which the defendant must be chargeable in order to subject him to the action." Ibid; see also 25 C.J.S., Death, Sec. 24; see Tiffany, Death by Wrongful Act (2d Ed. 1913), Sec. 63.
This interpretation was used in Meyer v. King, 1894, 72 Miss. 1, 16 So. 245, 247, 35 L.R.A. 474, in which a father sued a druggist under the wrongful death statute for the loss of his minor son. It was alleged that the druggist unlawfully sold chloroform to the minor, which he drank and which caused his death. The declaration charged that the minor was employed as a clerk in a grocery store and was earning a substantial compensation which was used to support his mother. To the *351 declaration defendant demurred upon the ground that since the minor would have had no right of action at that time, he being contributorily negligent, the plaintiff had none. The Court upheld this contention. Hence the condition precedent of the wrongful death statute did not exist. The Court, quoting Alabama and New York cases, said: "`The condition that the action must be one which could have been maintained by the deceased, had it failed to produce death, or had not death ensued, has no reference to the nature of the loss or injury sustained, or the person entitled to recovery, but to the circumstances attending the injury, and the nature of the wrongful act or omission which is made the basis of the action.' [King v. Henkie] 80 Ala. [505] 509. `It defines the kind and degrees of delinquency with which the defendant must be chargeable in order to subject him to the action.' Whitford v. Panama R.R. Co., 23 N.Y. 465."
The statute refers broadly to the death of "any person". It does not say "any person except those under disabilities to sue." We do not think that, in view of its salutary purposes and the liberal construction accorded it, we should write into the act that limitation.
The condition that the action must be one which could have been maintained by deceased if death had not ensued, means that the defendant must be chargeable with a wrongful act. Where deceased would have been barred because of the lack of a wrongful act on the part of the one causing the death, his survivor would likewise be barred. Kirkpatrick v. Ferguson-Palmer Co., 1918, 116 Miss. 874, 77 So. 803; Payne v. Moore, 1921, 126 Miss. 693, 89 So. 225; Hasson Grocery Co. v. Cook, 1944, 196 Miss. 452, 17 So. (2d) 791. The same deficiency would exist where there was no proximate cause or negligence. Prosser, Torts, 1941, p. 966.
A well reasoned decision on somewhat similar facts and issues is Kaczorowski v. Kalkosinski, 1936, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267. The Pennsylvania courts had previously interpreted the wrongful death *352 statute of that state as containing the requirement that the action must be one which could have been maintained by deceased if death had not ensued. Other cases holding to the same general effect are Fitzpatrick v. Owens, 1916, 124 Ark. 167, 186 S.W. 832, 187 S.W. 460, L.R.A. 1917B, 774; Robinson's Adm'r v. Robinson, 1920, 188 Ky. 49, 220 S.W. 1074; Russell v. Cox, 1944, 65 Idaho 534, 148 P. (2d) 221; Breed v. Atlanta, B. & C.R. Co., 1941, 241 Ala. 640, 4 So. (2d) 315. Prosser says that this view is "very much to be preferred". Prosser, Torts, 1941, pp. 965-967. Decisions contra, but distinguishable for various reasons are: Keister's Adm'r v. Keister's Ex'rs, 1918, 123 Va. 157, 96 S.E. 315, 1 A.L.R. 439; Wilson v. Brown, Tex. Civ. App. 1913, 154 S.W. 322; Hovey v. Dolmage, 1927, 203 Iowa 231, 212 N.W. 553; Wilson v. Barton, 1926, 153 Tenn. 250, 283 S.W. 71; Demos v. Freemas, 1931, 43 Ohio App. 426, 183 N.E. 395; Dishon's Adm'r v. Dishon's Adm'r, 1920, 187 Ky. 497, 219 S.W. 794, 13 A.L.R. 625; Welch v. Davis, 1950, 342 Ill. App. 69, 95 N.E. (2d) 108. The Annotation in 104 A.L.R. 1271 (1936), discusses cases holding both ways. This is a question of first impression in this state and we think that the Kaczorowski rule is sounder and more consistent with our constitutional and statutory provisions.
Section 24 of the Miss. Constitution 1890 provides: "All courts shall be open; and every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." The denial of a right of action by a surviving child against the husband who has killed her mother would be inconsistent in principle with this constitutional right, and with plain ideas of justice. It would not conform with what we conceive to be the legislative intention in Code Sec. 1453. To extend the tort-feasor's immunity to a new cause of action by the survivors of the deceased wife would apply the immunity rule to a *353 situation never contemplated in its creation and wholly irrelevant to its reasons. The immunity must be confined to cases where its purposes can practically operate. That is impossible here because the tort was of such violence as to end the marital relationship.
The trial court peremptorily instructed the jury to find for plaintiff on the issue of liability and submitted damages. Appellant complains that it erred in admitting into evidence, as party opponent's admissions, two confessions executed by appellant on the day of the killing. After this suit was filed and process obtained upon appellant individually, the Chancery Court of Hinds County apparently adjudicated that appellant was non compos mentis, although the record of that proceeding is not in evidence, and subsequent thereto the bank as guardian was made a representative party defendant. (Hn 2) We think these two confessions were competent as admissions, for whatever relevancy and probative value they might have on the issues of sanity and of whether appellant killed his wife. Moreover, the admissions of an insane person may be shown in a civil action for what they are worth, although they are not binding on the declarant. 31 C.J.S., Evidence, Sec. 315; 20 Am. Jur., Evidence, Sec. 594. Also, appellant's own witnesses testified to an admission by him of the killing. There was also the testimony of police officers and neighbors as to the actions of appellant and the physical circumstances. Appellant offered no evidence in contradiction thereof, and the court properly granted a peremptory instruction on liability.
(Hn 3) A lunatic is liable for compensatory damages for his torts. Feld v. Borodofski, 1906, 87 Miss. 727, 40 So. 816; Demos v. Freemas, 1931, 43 Ohio App. 426, 183 N.E. 395. The court excluded punitive damages from consideration by the jury.
(Hn 4) Appellant also complains that the verdict of $12,000 was against the weight of the evidence and so excessive as to evince bias and prejudice by the jury. *354 We have carefully considered the record, and in the light of the testimony and reasonable inferences therefrom we are unable to say that the verdict is excessive or improper. Complaint is also made that certain evidence was introduced with reference to appellant handling his rental property and rent checks received by appellant from it. However, at those points there existed a factual issue of sanity, and the circuit judge admitted this testimony on the limited basis of the business ability of appellant being relevant to his sanity. Moreover, (Hn 5) appellant himself introduced evidence on this same proposition and is in no position to complain thereof. The instruction on damages was in accord with Code Sec. 1453 and the precedents. City of Vicksburg v. McLain, 1889, 67 Miss. 4, 6 So. 774; 13 Miss. L.J. 571.
After the trial and judgment, appellant filed a motion to vacate the judgment and (Hn 6) to transfer the cause to the chancery court, on the ground that appellant had been previously adjudicated a non compos mentis, and that the chancery court had exclusive jurisdiction to determine all questions concerning appellant's estate. The trial court did not err in overruling this motion. Appellant had been indicted for murder and this civil suit was filed prior to this ex parte chancery adjudication. The circuit court had assumed jurisdiction of the cause and could not be deprived of it by a subsequent proceeding in chancery. Hawie v. Hawie, 1922, 128 Miss. 473, 91 So. 131. Code Secs. 609 and 439 indicate that it is optional with the claimant whether he will sue in law or equity to establish his claim. See Hunt v. Potter, 1880, 58 Miss. 96. A court of law has jurisdiction to adjudicate claims against a non compos mentis arising ex delicto.
Affirmed.
PER CURIAM.
The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.