## DURHAM, A MINOR, ETC. *v.* DURHAM

No. 39967          March 5, 1956          85 So. 2d 807

*Roberson, Luckett & Roberson,* Clarksdale, for appellant.

*Brewer & Brewer,* Clarksdale, for appellee.

GILLESPIE, J.

The plaintiff, an unemancipated minor, sued her father under the wrongful death statute (Section 1453, Code of 1942) for the wrongful death of plaintiff's mother, the wife of defendant. The death was the result of defendant's simple negligence in the operation of an automobile. Plaintiff and defendant were the sole survivors of the deceased. The lower court sustained a demurrer to the declaration, and plaintiff appeals.

We dispose of two preliminary questions before discussing the main issue presented by this appeal.

The relationship between the deceased and defendant was that of husband and wife, and the wife could not

have sued for her injuries had she survived the accident. Emsinger v. Emsinger, 77 So. 2d 308. But that relationship does not preclude this action if there is no impediment to the suit arising from the relationship between the plaintiff and defendant. Deposit Guaranty Bank & Trust Co. v. Nelson, 212 Miss. 335, 54 So. 2d 476.

Under the statute, the defendant is a distributee entitled to one-half of any recovery for the death of his wife, but where there is no impediment otherwise denying the other distributee from maintaining the suit, the action may be maintained by the distributee other than the tort feasor. Nosser v. Nosser, 161 Miss. 636, 137 So. 491.

The main question in this case is whether the relationship between the plaintiff and defendant, being that of unemancipated minor child and father, which, under the common law, precludes a recovery by the plaintiff for a bodily injury, has the effect of precluding an action by plaintiff for the indirect injury to herself through the death of her mother. The precise question has not been decided by this Court.

This Court decided the case of Hewlett v. George, 68 Miss. 703, 9 So. 885, in 1891, and therein it was held that a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to an unemancipated minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent.

The rule laid down in Hewlett v. George, supra, has since been applied and recognized by this Court and its vitality has not been diminished. Rawlings v. Rawlings, 121 Miss. 140, 83 So. 146; Fortenberry v. Holmes, 89 Miss. 373, 42 So. 799; Rainey v. Horn, 221 Miss. 269, 72 So. 2d 434. Although variously modified and limited, the basic rule has been followed in most of the States. Anno. 19 A.L.R. 2d 423. While there were no prior Eng-

lish or American cases when the rule was first enunciated by this Court in 1891, it is a rule of common law. Yazoo & M. V. R. Co. v. Scott, 108 Miss. 871, 67 So. 491; Planter's Oil Mill v. Yazoo & M. V. R. Co., 153 Miss. 712, 121 So. 138.

Plaintiff does not contend that the rule of immunity just stated does not obtain in Mississippi, nor does she urge that we overrule the cases announcing and adhering to the rule. The heart of her argument is that this action is a statutory one, complete within itself, and since there are no restrictions or limitations on the persons who may sue or be sued, the statute is a declaration of public policy of this State made by the legislature, and the public policy declared by the courts was necessarily displaced by the statute. Plaintiff disclaims any contention that the statute repealed the common law rule of immunity by implication, but that there was a direct repeal.

The case of Strong v. Strong, (Nev. 1954) 267 Pac. 2d 240, is not only directly in point on the question under consideration, but substantially the same argument was made in that case as plaintiff makes. That was a suit by an unemancipated child against his mother for the wrongful death of his father growing out of the operation of an automobile, and was brought under the Nevada wrongful death statute. In denying the right in the unemancipated minor to maintain the action, the Supreme Court of Nevada said:

"It is clear then that the common law has been modified in this state by legislative act giving a cause of action for wrongful death. It is maintained by appellant that the same statute likewise modified the common law rule, which appellant frankly recognizes, negativing the right of a minor to sue a parent in tort. Appellant's contention is based upon the assertion that the right given to the heirs of the deceased person, or to the deceased's personal representatives for the benefit

of his heirs, for the death of such deceased person when caused by the wrongful act or neglect of another, is without restriction or limitation. It is asserted that this absence of restriction or limitation draws into the meaning of the statute the right of the minor child to sue the mother for the wrongful death of the father. It is contended that the statute does not deal with particular deaths by wrongful act, nor with particular parties, but applies to all deaths by wrongful act, and permits suit by any individual if he be a member of the class specified in the statute, to-wit, an heir; that in like manner the statutory action against 'the person causing the death' is not limited to cases where such person is not the mother or father of the heir suffering the loss. Under this theory appellant disclaims any contention that the statute in question repeals the common law immunity rule by implication, see Cunningham v. Washoe County, 66 Nev. 60, 203 Pac. 2d 611, but urges that the statute is in itself a direct repeal. The learned district judge rejected this contention and we are in accord with such rejection. If we adopt appellant's theory of making no resort to any asserted repeal by implication (which we are justified in doing), we then search in vain to find in sec. 8554 any words effecting such express repeal. A cause of action for wrongful death is created by certain and unmistakable language. Such derogation of the common law is beyond reasonable dispute. That the cause of action should be limited to his heirs or to his personal representatives for the benefit of his heirs is a limitation. The requirement that if the deceased had a guardian at the time of his death only one action might be brought (either by such guardian for the benefit of the heirs or by the personal representatives for the benefit of the heirs) is a further limitation. The last sentence of the section defines the damages that may be awarded—the addition of the words 'pecuniary and exemplary' having been made by the legislature in 1939, Stats. 1939, p. 17. Nowhere is there a direct repeal of

the common law rule of immunity of the parent from suit by a minor child.''

The wrongful death statute of Nevada is different from ours in some respects, but the differences are not of such nature as to render Strong v. Strong, supra, inapplicable on the question here involved. Strong v. Strong is the only case cited where the precise point here involved was decisive of the case. The precise point was involved in the case of Minkin v. Minkin, (Pa. 1939), 7 Atl. 2d 461, and the case was decided in favor of the minor plaintiff. The Minkin case is of doubtful value as a precedent on our question. Of the seven judges on the Pennsylvania Court, three dissented, and of the remaining four, only three based the decision on the ground that the legislation (wrongful death statute) was a declaration of public policy on the subject and necessarily displaced any public policy to the contrary (the rule that a minor child may not sue its parent in tort). One of the four judges voting to allow the action was of the opinion that there was no public policy against the particular action. Moreover, the majority opinion indicates doubt as to the existence of a rule denying the minor child the right to sue a parent in tort, and a footnote states that the Pennsylvania Court had not directly passed on the point.

■■ ■ We have carefully considered numerous cases from other jurisdictions cited by the parties, some of which are not in point and some of which bear on the question obliquely. This State is committed to a policy that actions may not be maintained by an unemancipated minor against a parent for a tort. We are not persuaded that the policy reasons involved apply with less force to a case arising under the wrongful death statute insofar as the precise question is here presented. We fully recognize that matters of public policy are for the legislature to declare when it has acted, and it is not for the courts to question the wisdom of any constitutional dec-

laration of public policy by the legislative body. The wrongful death statute should be construed and administered consistent with all the rules of common law not expressly abrogated. Burns v. Allen, 202 Miss. 240, 31 So. 2d 125. ██ ■ We fail to find in the wrongful death statute any expression indicating a legislative intent to abrogate the rule that a minor may not sue a parent in tort.

The policy reasons underlying the rule that a suit may not be maintained between husband and wife for a tort bear a close relationship to the policy reasons underlying the rule that an unemancipated minor may not sue a parent for a tort. It is significant that notwithstanding the enactment of Code Section 452 providing that "husband and wife may sue each other" without any words of limitation whatever, this Court has consistently held that a wife may not sue her husband in tort. Emsinger v. Emsinger, supra.

The learned trial judge properly sustained the demurrer and the case is affirmed.

Affirmed.

All justices concur.