241 So.2d 675 (1970)
Mary Elise RAYBURN for the use and benefit of Carmen Rayburn Hihn, a Minor,
v.
Lyle M. MOORE.
No. 45960.
Supreme Court of Mississippi.
December 7, 1970.
Teller, Biedenharn, Rogers & Marcus; Landman Teller, Jr., Vicksburg, for appellant.
Ramsey, Bodron & Thames, Vicksburg, for appellee.
GILLESPIE, Presiding Justice:
The plaintiff, six year old Carmen Hihn, through her court appointed guardian, sued her stepfather, Lyle M. Moore, alleging that he wrongfully caused the death of her mother, Sharon Moore. After hearing the issues raised by the affirmative defense of parental immunity, the Circuit Court of Warren County dismissed the suit.
The plaintiff is the daughter of Elmo Hihn and Sharon Moore, Deceased. Sharon Moore divorced Elmo Hihn and obtained custody of their only child Carmen Hihn. Subsequent to the divorce Sharon married Lyle M. Moore. They moved from Missouri to Vicksburg, Mississippi, and Carmen Hihn moved with them. Three children were born of the marriage *676 of Sharon and Lyle M. Moore. Although Lyle M. Moore never adopted Carmen Hihn, he contributed to her support, and she remained in his and her mother's home.
On October 27, 1968, the plaintiff's mother Sharon Moore was a passenger in an automobile owned and operated by defendant Lyle M. Moore when it was involved in an accident in which the plaintiff's mother was killed. Subsequent to the accident, Elmo Hihn, the plaintiff's natural father, made efforts to gain legal custody; however, Mrs. Sam Rayburn of Missouri, the plaintiff's maternal grandmother, was appointed guardian in December 1968. Since that time, the plaintiff has resided with her maternal grandparents in St. Louis, Missouri, as have the three Moore children.
Defendant Lyle M. Moore has been paralyzed and hospitalized since the accident. He has been moved to a hospital in St. Louis, Missouri, his former home.
The question is whether the parental immunity doctrine announced by this Court in Hewellette v. George, 68 Miss. 703, 9 So. 885 (1891), applies in this case, where the plaintiff is a minor stepchild of the defendant who supported the plaintiff but was under no legal obligation to do so. We hold the parental immunity doctrine does not apply.
In Hewellette, supra, this Court held that an unemancipated minor child could not maintain an action against her mother for maliciously causing said minor to be imprisoned in an insane asylum. The mother was under the obligation to care for, guide, and control the minor, and the minor was under the reciprocal obligation to aid, comfort and obey the mother. The Court stated that the peace of society, and of the families composing society, and a sound public policy designed to subserve the repose of families, and the best interests of society, forbid the minor the right to appear in court in the assertion of a claim for civil redress for personal injuries suffered at the hands of the parent. This case was the inception of the parental immunity doctrine adopted in most jurisdictions thereafter. In recent years several jurisdictions have repudiated the doctrine entirely or in certain situations.
In Durham v. Durham, 227 Miss. 76, 85 So.2d 807 (1956), the parental immunity rule was applied in a wrongful death action instituted by an unemancipated minor against her father for the wrongful death of her mother.
It is not necessary for the Court to reconsider the validity of the reasons underlying the parental immunity rule as announced in Hewellette, supra. The case of Fortinberry v. Holmes, 89 Miss. 373, 42 So. 799 (1906), is distinguishable from the present case in that the reciprocal obligations were essentially the same as in Hewellette, supra. In the present case Lyle M. Moore stood in loco parentis to Carmen Hihn to the extent that he supported her and treated her the same as his own children, but he was not under a legal obligation to do so. We would be extending the parental immunity doctrine if we applied it in this case. In our opinion the policy reasons underlying the doctrine do not require its extension to the facts of this case.
In our opinion, the right to maintain the action should be determined at the moment it arose, in this case at the time of death of the plaintiff's mother. The fact that the minor plaintiff is now living with and being cared for by her grandparents is immaterial. Whether the child has a cause of action should not depend upon who has its custody. If a child's custody could be shifted in order to enable it to maintain an action, this could be disruptive and calculated to disturb the repose of families.
Reversed and remanded.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.