Kenneth B. HOOD and Betty Hood, Individually and on Behalf of the next of kin and on behalf of the Estate of Alan Hood, deceased, Plaintiffs,

v.

DEALERS TRANSPORT CO., Defendant.

No. DC 78–147–S–O.

United States District Court,
N. D. Mississippi,
Delta Division.

April 19, 1979.

Jack F. Dunbar, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Clarksdale, Miss., for plaintiffs.

Frank S. Thackston, Jr., Lake, Tindall, Hunger & Thackston, Greenville, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The plaintiffs seek damages in this action for the alleged wrongful death of Alan Hood (hereafter sometimes referred to as "Alan") who, at the time of his death, on or about August 4, 1976, was a minor child, 7 years of age.

Kenneth B. Hood (hereafter "Hood") and Betty Hood (hereafter "Mrs. Hood"), parents of Alan Hood, sue on behalf of all persons entitled to damages as Alan Hood's next of kin pursuant to the Mississippi wrongful death statute, Miss.Code Ann. § 11–7–13 (Cum.Supp.1978).

Plaintiffs allege that the death of Alan proximately resulted from the gross negligence of defendant Dealers Transport Company (hereafter "defendant"), acting through its agent and servant, Willie L. Pegues, Jr. (hereafter "Pegues"), in the operation of a motor vehicle on a Mississippi highway.

Plaintiffs recount the incident giving rise to the action by charging that Hood was operating a pickup truck on a Mississippi highway approximately one mile north of Pertshire and, after giving the proper signal for a left turn, attempted to turn from the highway when defendant's employee

Pegues, operating defendant's vehicle in a grossly negligent manner, attempted to pass the Hood vehicle, causing a severe collision and the resulting death of Alan, a passenger in Hood's pickup truck.

Defendant's answer contains a counterclaim against plaintiff Kenneth B. Hood. The counterclaim asserts that "the sole proximate cause, or in the alternative, a substantial contributing cause of this collision and the resulting death of Alan Hood was the negligence of Kenneth Hood in his operation of his motor vehicle immediately prior to and at the time of the collision."

Defendant alleges that should defendant or defendant's driver be found guilty of negligence contributing to the collision, such negligence was passive, while the negligence of Hood was active and predominate, and defendant is entitled to recover from Hood by way of indemnity any recovery made by plaintiffs against the defendant including its attorney fees.

Defendant also alleges that should defendant be found guilty of negligence as a joint tortfeasor which contributed to the death of Alan Hood, defendant is entitled to contribution from Hood equal to 50% of the recovery.

Additionally, defendant seeks to reduce the share of any recovery made for the benefit of Hood, the father, as one of the statutory beneficiaries, by the proportion which his negligence, if any, contributes to the accident and to Alan's death.

## I. The Indemnity.

■ The facts here involved create a classic joint tortfeasor situation, not one involving active negligence on the part of Hood and passive negligence on the part of defendant, so as to justify a claim for indemnity by defendant against Hood. Plaintiffs' motion to strike this part of the counterclaim should be sustained.

■ When the negligence of two or more persons in the operation of motor vehicles on the highway results in injury or damage to a person, it is an unusual case where the negligence causing the injury does not result from the activities of joint tortfeasors as distinguished from an active-passive negligence situation. The facts peculiar to the action sub judice are not such as to bring into play the active-passive theory of tort law.

This conclusion is justified by Mississippi Case Law. *See Bush v. City of Laurel*, 215 So.2d 256 (Miss.1968), where the court in quoting from the opinion of the United States Court of Appeals for the Fifth Circuit in *St. Louis-San Francisco Railway v. United States*, 187 F.2d 925, 927, said " '[I]n Mississippi, as generally elsewhere, a right of indemnity * * * arises in favor of one not actively at fault against an active wrongdoer' ", 215 So.2d at 260. Here, if Hood is found guilty of any negligence which contributed to his son's death, his negligence was active, i. e., turning his pickup to the left so as to drive off the highway when such could not be accomplished, and his failure to give a proper signal for the turn.

Similarly, if defendant's driver operated defendant's vehicle in a negligent manner which contributed to the collision with Hood's pickup, the negligent operation of the truck was active in nature—not passive.

■ The dereliction of duty on the part of each, if such is the case, constitutes an active tort. It goes without saying that if defendant is not found guilty of negligence which contributed to the collision, defendant has no liability to plaintiffs.

The United States Court of Appeals for the Fifth Circuit discussed the active-passive negligence doctrine as recognized in Mississippi, in *Alabama Great Southern R. R. v. Allied Chemical Corp.*, 501 F.2d 94 (5th Cir. 1974). Its discussion of the doctrine appearing in footnote 7, at page 102, is particularly appropriate here. The court said:

We note the following analysis from *Builders Supply Co. v. McCabe*, 366 Pa. 322, 325, 77 A.2d 368, 370, 24 A.L.R.2d 319 (1951), cited by the Mississippi Supreme Court in *Bush*.

There is, of course, a fundamental difference between indemnity and contribution. The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable. The difference between primary and secondary liability is not based on a difference in *degrees* of negligence or on any doctrine of *comparative* negligence,—a doctrine which, indeed, is not recognized by the common law. It depends on a difference in the *character* or *kind* of the wrongs which cause the injury and in the nature of the legal obligation owed by each of the wrongdoers to the injured person. . . . Without multiplying instances, it is clear that the right of a person vicariously or secondarily liable for a tort to recover from one primarily liable has been universally recognized. But the important point to be noted in all the cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or arising from some positive rule of common or statutory law or because of a failure to discover or correct a defect or remedy a dangerous condition caused by the act of the one primarily responsible. *In the case of concurrent or joint tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other.* The universal rule is that when two or more contribute by their wrongdoing to the injury of another, the injured party may recover from all of them in a joint action or he may pursue any one of them and recover from him, in which case the latter is not entitled to indemnity from those who with him cause the injury. (later emphasis added)

◼ Hood and defendant had no legal relationship to one another; each owed Alan Hood the same duty, that is to operate his vehicle on the highway in a careful, prudent and non-negligent manner. If the concurrent negligence of each brought about the injury and death of Alan, there was created a joint or concurrent liability. This is true even though one might have been more negligent than the other. Defendant cannot maintain a right of indemnity against Hood under the facts here involved.

## II. *The Contribution Claim.*

◼ Both parties recognize Mississippi's rule that joint tort feasors, are jointly and severally liable to the injured party; that an injured party can maintain an action for tortious conduct against one, or more, or all of the parties guilty of such conduct; that there is no apportionment or contribution between them.[1] *Saucier v.*

---

1. Defendant recognizes the rule, but claims that Mississippi's recent statute, Miss.Code. Ann. § 85–5–5 (1972), acts to create the right under the peculiar facts of this case. Section 85–5–5 in pertinent part, provides:

    In any action for damages where judgment is rendered against two (2) or more defendants, jointly and severally, as joint tort feasors, the defendants against whom such a judgment is rendered shall share equally the obligation imposed by such judgment, and if one (1) of such defendants pays an amount greater than the total sum of the judgment divided by the number of defendants against whom the judgment was rendered, then the other defendants shall be jointly and severally liable to him for the amount so paid in excess of his proportionate part; provided that no defendant shall be liable to any other defendant for more than his proportionate share of the original judgment.

*Walker*, 203 So.2d 299 (Miss.1967); *Mississippi Cent. R. R. v. Roberts*, 173 Miss. 487, 160 So. 604 (1935).

In the latter case, the court said:

We have already stated that the facts reasonably interpreted in the light of the verdict disclose a case of concurrent negligence on the part of both defendants, and it has long been the settled substantive law that, in such cases, when the concurrent negligence produces a single, indivisible injury, both the defendant tort-feasors are equally liable for the entire damage sustained. In the absence of a statute expressly so authorizing, there is no apportionment or contribution between them.

160 So. at 606–07.

■ It is apparent that Section 85–5–5 does not change the rule long established in Mississippi that there is no contribution between joint tortfeasors, except for such cases as may come within the purview of the statute. The statute applies only "[i]n any action for damages where judgment is rendered against two (2), or more defendants, jointly and severally as joint tort feasors." Here, defendant as a tortfeasor has been sued alone. Under such circumstances the section does not apply.

■ Another reason which supports the holding that contribution can not be used as the basis for a claim against Hood, should recovery be had against defendant in this action, is, under Mississippi Law, Alan Hood could not have sued his father for damages on account of his injuries had death not ensued, for which reason the statutory beneficiaries of his wrongful death could not maintain a direct action against Hood. The wrongful death statute, Miss. Code Ann. § 11–7–13 (Cum.Supp.1978) creates an action in favor of the statutory beneficiaries only in instances where the injured party could have sued, if death had not ensued. The Mississippi Supreme Court has spoken on this subject in a number of cases. One of the most recent, *McNeal v. Administrator of Estate of McNeal*, 254 So.2d 521 (Miss.1971) held "[o]ur Court has also followed the common law rule that an unemancipated child could not sue his parents for injuries resulting from the tortious acts of the parents." 254 So.2d at 523.

The court is unimpressed with defendant's argument that by utilizing the counterclaim procedure provided by Fed.R.Civ.P. 13, the statute constitutes a vehicle by which the long established rule that no right of contribution exists between joint tortfeasors can be nullified and avoided.

### III. *Diminution of Hood's Share of Any Recovery.*

Defendant asserts in its counterclaim that Hood's share of any recovery must be diminished by his own negligence, if any, if such negligence contributed to his son's death. Plaintiffs' response is that this issue has been settled by the Mississippi Supreme Court, and that this court is *Erie*-bound [2] to follow the rule as adopted by that court.

The negligence, if any, of Hood, proximately contributing to his son's death, presents a knotty problem for the court, especially where Hood takes an equal share with the other beneficiaries in any recovery. The court is well satisfied that his negligence, if any, should not work, to diminish the amount of recovery by the other beneficiaries, but as to his share, the answer is more difficult. Defendant argues, with some persuasiveness, that it is just not right for Hood to recover his full share of the award, if any, if his negligence proximately contributed to his son's death. To afford him this right, defendant argues, would permit him to profit by his own wrong.

The principal case upon which plaintiffs rely, is *Hines v. McCullers*, 121 Miss. 666, 83 So. 734 (1920). There, Beatrice McCullers was driving an automobile on a grade-crossing of defendant railroad. Her mother, Mrs. McCullers, a sister Francis McCullers and a Miss Stevens were passengers in the automobile, when it was struck by a train

---

2. *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

at the crossing. All occupants of the automobile were killed except Beatrice McCullers.

The father, J. T. McCullers brought an action under the wrongful death statute for his benefit and that of the other statutory beneficiaries, the three daughters of Mr. and Mrs. McCullers, one of which was the daughter Beatrice who was driving the car. As is usual in most railroad crossing accidents, the railroad claimed the negligence of Beatrice McCullers in entering the crossing when she could not safely do so was the sole proximate, or, at least, a contributing proximate cause of the accident. The McCullers claimed negligence on the part of the railroad in maintaining the crossing and in the operation of its train at the time of the collision.

The question of Beatrice McCullers' negligence and the effect such negligence on the right of recovery of plaintiffs was the subject of a portion of the opinion, as follows:

> The right of the appellant to maintain this action is conferred and measured by chapter 214, Laws of 1914 (Hemingway's Code, § 501), and the sole test therein contained of the right to maintain such an action is the right of the person injured to have maintained an action therefor had death not ensued. (Citation omitted). Had Mrs. or Francis McCullers lived and sought themselves to recover of this appellant the negligence of Beatrice which may have contributed to their injury would not have barred their recovery (citations omitted); consequently her contributory negligence cannot avail the appellant here (citations omitted).

> Contributory negligence as a defense in an action for a tort is grounded on the common-law rule that the law will not apportion the consequences of concurring acts of negligence. This rule may be modified or abolished by statute (citations omitted); and that is what the statute here under consideration has done in so far as the contributory negligence of the persons benefited thereby is concerned.

> The peremptory instruction was properly refused.

> Third. For the same reason the instruction that no recovery could be had for the benefit of Beatrice was also properly refused.

83 So. at 736.

The parties bring to the court's attention three cases which they urge the court to consider on the weight to be given to the Hines-McCullers rule. *Durham v. Durham*, 227 Miss. 76, 85 So.2d 807 (1956); *Deposit Guaranty Bank & Trust Co. v. Nelson*, 212 Miss. 335, 54 So.2d 476 (1951); *Nosser v. Nosser*, 161 Miss. 636, 137 So. 491 (1931).

*Nosser* involved an automobile accident in which Mrs. Ida Thomas Nosser was killed. She was riding in an automobile owned and being driven by her son Joseph Thomas Nosser. Mrs. Nosser was survived by her son who was driving the automobile at the time of the accident, her husband, Thomas Nosser and another son, George Nosser. All three were statutory beneficiaries of her wrongful death by virtue of Mississippi's wrongful death statute, then codified as Code of 1930, Sec. 510.

The husband and the son, George, brought suit against the other son, through whose negligence they claimed Mrs. Nosser lost her life, for damages under the statute. The trial resulted in a judgment for plaintiffs. One of the assignments of error on appeal dealt with the refusal of the trial court to instruct the jury to return a verdict for the defendant. The Supreme Court held the lower court acted correctly in that regard.

The court granted an instruction which charged the jury, in the event of a verdict for plaintiffs, that the jury should deduct defendant's one-third share from the award, and render a verdict for the other two-thirds. The court commented:

> The objection to this instruction presents the same question for decision that is presented by a demurrer to the declaration which was overruled. This objection is that no action will here lie under the statute, for the reason that the defendant is one of the statutory beneficiaries of such a suit, even though not

named as a plaintiff therein, and that the statute does not contemplate a suit wherein the defendant is at the same time "the beneficiary in the amount realized * * * by said suit." The defendant in such a suit cannot, of course, profit thereby, for the reason that he himself must pay any damages awarded, but in the absence of an express or clearly implied prohibition against the recovery by the other relatives of the deceased, to whom the right of action is given, we are not justified in so interpreting the statute as to exclude them from recovering. *Hines v. McCullers*, 121 Miss. 666, 83 So. 734. This being true, no error was committed in overruling the demurrer and in granting the instruction which simply relieved the appellant from paying so much of the damages allowed, as under the statute would have otherwise inured to his benefit.

137 So. at 492.

In *Nelson*, plaintiff sued her stepfather for wrongfully causing the death of his wife, her mother. The action was founded on the wrongful death statute. The stepfather contended that he was immune from suit by his wife and that the wife's survivor was likewise disabled to sue. Plaintiff obtained a judgment for $12,000.00.

Nelson contended on appeal that the statute creates a right of action in the statutory beneficiaries only in cases where the injured party could have sued for damages, if death had not ensued; that since his wife was prohibited by Mississippi Law from suing him for damages on account of her injuries, the daughter of his wife, his stepdaughter, was under the same disability.

The *Nelson* court, in commenting on this contention, said:

However, for several reasons this position is not sustainable. First, the disability of the wife to sue is one personal to her, and does not inhere in the tort itself. The assault upon her is wrongful even though she is under a personal disability to sue. The reasons for the rule of immunity between husband and wife do not exist where the husband kills his wife and thus destroys the marital relationship. Second, the statutory beneficiary has a new cause of action, independent of that of the deceased if she had survived, provided the defendant is chargeable with a wrongful act. The suit is derived from the tortious act not from the person of deceased. And third, the stated condition in the statute has no reference to the person entitled to sue but only to the sufficiency of the circumstances attending the injury and the nature of the wrongful act. That is, the defendant must be chargeable with a wrongful act.

54 So.2d at 477.

In *Durham*, plaintiff, an unemancipated minor, sued her father under the wrongful death statute, codified at the time as Section 1453, Code 1942, for the wrongful death of her mother, wife of defendant. The death resulted from the simple negligence of the father in the operation of the automobile. The lower court and the Supreme Court held that the action could not be maintained because Mississippi is committed to the policy that an action for a tort may not be maintained by an unemancipated minor against a parent.

■ The court concludes that the viability of the rule in *Hines v. McCullers* has not been eroded by subsequent decisions of the Mississippi Supreme Court and must be applied as there established.

The statutory beneficiaries in the action sub judice as shown by the record are the father, Kenneth B. Hood, the mother Betty Hood, and a sister Lou Ann Hood. Under the Mississippi cases hereinbefore discussed, Betty Hood, the wife and Lou Ann Hood, the daughter, could not sue Kenneth B. Hood, the husband and father for the wrongful death of the son and brother Alan Hood. Defendants seek to do indirectly what cannot be done directly.

■ Given the rule announced in *Hines v. McCullers*, defendant may not diminish the damages for which it may be liable as a joint tortfeasor, by the contributory negligence, if any, of Kenneth B. Hood.

The wrongful death statute, Section 11–7–13, *supra,* makes no provision for diminution of damages because of a beneficiary's contributory negligence. For such a result to obtain, it must result from another statute which must be construed *in pari materia* with the wrongful death statute. The only other relevant statute is Miss.Code Ann. § 11–7–15 (1972) which provides:

> In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.

The statute provides that in all actions brought for personal injuries, or where such injuries result in death, contributory negligence on the part of the injured party shall not bar recovery, "but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the persons injured." The statute does not provide for diminution of the damages on account of the negligence of a statutory beneficiary—only the injured party.

## SUMMARY

For the reasons hereinbefore given, the court finds that plaintiffs' motion to strike is well taken and must be sustained.

An appropriate order will be entered by the court.