Wm. H. Myers, Pascagoula, Miss., for defendant-appellee.

Before GEE, RUBIN and HILL, Circuit Judges.

Stephine VESELITS, A Minor, by Laneeta R. CRUTHIRDS, as Guardian, Grandmother and Next Friend, Plaintiff-Appellant,

v.

Robert J. VESELITS, Defendant-Appellee.

No. 87–4221
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 17, 1987.

ALVIN B. RUBIN, Circuit Judge:

A child asserts a claim against her father in this diversity suit for the wrongful death of her mother, urging this court to ignore a Mississippi Supreme Court decision holding that a minor child cannot bring a tort action against her parent. Bound by the steel rails of *Erie Railroad*, we cannot disregard Mississippi law as interpreted by its Supreme Court, nor extend state law into new territory. We, therefore, affirm the judgment of the district court dismissing the case, 653 F.Supp. 1570 (S.D.Miss. 1987).

Stephine Veselits, on whose behalf this suit is brought, is the daughter of the defendant, Robert Veselits, and the late Shari Veselits. In 1980, Veselits shot and killed his wife, Shari, in Bossier City, Louisiana, after she had informed him that she planned to leave him to live with another man. He was subsequently convicted of manslaughter, served time in the Louisiana state penal system, was paroled and later pardoned. Stephine's grandmother, Laneeta R. Cruthirds, was appointed Stephine's legal guardian in 1982 and won custody of her after a trial on the merits in December, 1986. Her grandmother, acting on Stephine's behalf, filed this wrongful death ac-

tion pursuant to Mississippi Code Annotated § 11–7–13 (Supp.1986).

As the district court held, it is clearly established in Mississippi case law that a parent is immune to a tort suit by his unemancipated minor child. This doctrine was first announced by the Mississippi Supreme Court in *Hewellette v. George.*[1] Although that decision was rendered nearly a century ago, the court later followed it in *Durham v. Durham,*[2] holding that parental immunity barred an action filed by an unemancipated minor against her natural father pursuant to the Mississippi Wrongful Death Statute for the negligently caused death of her natural mother. The court reached a similar decision in 1971 in *McNeal v. Administrator of the Estate of McNeal,*[3] affirming the dismissal of the complaint filed by a child who was injured in an automobile accident, allegedly as a result of her father's negligence.

The plaintiff's reliance on *Deposit Guaranty Bank & Trust Co. v. Nelson*[4] is misplaced, for that case involved a suit by a stepdaughter against her stepfather for the wrongful death of her mother. The court held that spousal immunity ceases to exist when it is destroyed by the intentional killing of the spouse. The issue here is not spousal immunity, but parental immunity.

Many decisions to the contrary have been rendered in other states. A majority of states have now abrogated the absolute immunity of the parent to tort suits by its child, either by case law or by statute.[5] The other states have been urged to follow their path.[6] As the judicial equivalent of a Mississippi inferior court, we are not free to create new doctrine, however persuaded we might be that state law is antiquated, unless we have some indication that the state courts would themselves do so if con-

fronted by the same situation.[7] Nothing to this effect has been shown here.

For these reasons, we AFFIRM the judgment of the district court.

---

1. 68 Miss. 703, 9 So. 885 (1891).

2. 227 Miss. 76, 85 So.2d 807 (1956).

3. 254 So.2d 521 (Miss.1971).

4. 212 Miss. 335, 54 So.2d 476 (1951).

5. W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on The Law of Torts § 122, at 907 (5th ed. 1984).

6. *See, e.g.,* Berman, Time to Abolish Parent-Child Tort Immunity: A Call to Repudiate Mississippi's Gift to the American Family, 4 Nova L.J. 25 (1980).

7. *Jackson v. Johns-Manville Sales Corp.,* 781 F.2d 394, 397 (5th Cir.) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986).