George D. PARKER, Plaintiff,

v.

STETSON–ROSS MACHINE COMPANY, INC., Defendant and Third-Party Plaintiff,

v.

KING & PRIEST MACHINERY, INC., Defendant,

v.

GUERDON INDUSTRIES, INC., Third-Party Defendant.

No. Civ. 74–4059.

United States District Court, D. South Dakota, S. D.

Feb. 15, 1977.

T. R. Pardy and Vincent J. Protsch, of Mumford, Protsch, Sage & Pardy, Howard, S. D., for plaintiff.

Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant and third party plaintiff Stetson-Ross.

Steven W. Sanford, of Braithwaite & Cadwell, Sioux Falls, S. D., for defendant King & Priest.

John L. Morgan, of Morgan, Fuller, Theeler & Cogley, Mitchell, S. D., for third party defendant Guerdon Industries.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

The motion before the Court concerns only the third party plaintiff and the third party defendant in this action. Third party defendant Guerdon Industries has moved the Court for the dismissal of third party plaintiff Stetson-Ross' complaint, or in the alternative, for summary judgment on the claim presented therein. The facts are essentially as follows. On October 28, 1971, George D. Parker sustained serious injuries while operating a power saw manufactured by defendant Stetson-Ross, and distributed by defendant King & Priest. Parker was paid workers compensation benefits by third party defendant Guerdon's workers compensation carrier. Parker also chose to initiate a lawsuit against Stetson-Ross and King & Priest, as authorized by statute. *See* S.D.C.L. section 62-4-38. Parker's claims against the two defendants are based on a theory of strict liability.

Stetson-Ross subsequently filed a third party complaint, naming Guerdon Industries as third party defendant, and alleging that Parker's injuries were due to Guerdon's negligence in failing to properly warn and supervise Parker in the operation of the saw. Stetson-Ross' third party complaint seeks relief on essentially two grounds: a right of contribution, and a right to indemnity.

Guerdon advances three theories in support of its motion. First, Guerdon claims that the workers compensation statutes immunize it from any liability for contribution. Secondly, it is maintained that partial indemnity is not available under South Dakota law. Finally, Guerdon contends that under Parker's complaint Stetson-Ross can only be held liable on the basis of some fault of its own, and would thus be precluded from seeking indemnity.

It is relatively clear that Guerdon's second contention is accurate. In South Dakota, indemnity is an "all-or-nothing" proposition. *Highway Construction Co. v. Moses*, 483 F.2d 812, 817 (8th Cir. 1973). To be entitled to indemnity, one must show "a proportionate absence of contributing fault." *Degen v. Beyman*, 86 S.D. 598, 200 N.W.2d 134, 137 (1972). The result of such a showing is to shift the entire liability to the party against whom indemnity is sought. *Degen, supra*, at 136; *Hendrickson v. Minnesota Power & Light Co.*, 258 Minn. 368, 104 N.W.2d 843 (1960). Thus, indemnity is not a means by which a portion of liability, comparative with the proportion of fault, can be shifted to another party.

Contribution, as authorized by S.D.C.L. 15–8–12, is a device through which a portion of liability can be shifted, but I think it is equally clear that contribution is not applicable to this situation. A party is entitled to contribution only when there is joint or several liability; the mere fact of concurrent negligence or fault does not give rise to a right of contribution. *Burmeister v. Youngstrom*, 81 S.D. 578, 139 N.W.2d 226 (1965). Since Guerdon is protected from direct suit from Parker by the workers compensation statutes, there is an absence of common liability with Stetson-Ross. Without common liability, there can be no joint tortfeasor status, and thus no right of contribution. *Kessler v. Bowie Machine Works, Inc.*, 501 F.2d 617, 622 (8th Cir. 1974). Because the right of contribution was unknown at common law, and is a solely statutory creation, limitations on the right of contribution are not subject to the constitutional infirmities noted in cases such as *Sunspan Engineering & Construction Co. v. Spring-Lock Scaffolding*, 310 So.2d 4 (Fla.1975); and *Carlson v. Smogard*, 298 Minn. 362, 215 N.W.2d 615 (1974).

Guerdon's final contention is that Stetson-Ross would not be entitled to indemnity in this case, because the only way in which Stetson-Ross could become liable to Parker would be on the basis of some fault on its own part. I agree. Stetson-Ross maintains that this determination should await the jury's resolution of its claim that Guerdon's negligence was the cause of Parker's injuries. If the jury accepts Stetson-Ross' claims, however, it could really do so in only one of two ways. First, the jury might determine that Guerdon's negligence was the sole proximate cause of Parker's injuries. If this were to occur, Stetson-Ross certainly would not be entitled to indemnity, since it would suffer no liability. Secondly, the jury might find that both Guerdon and Stetson-Ross are liable for Parker's injuries. If this were so, Stetson-Ross still would not be entitled to indemnity, as it would not be a party without fault. Since either jury result would be conclusive of Stetson-Ross' indemnity claim, it appears that Stetson-Ross' negligence allegations directed against Guerdon are more properly a matter of defense to the main action than a basis for indemnity.

Third party defendant Guerdon's motion for summary judgment is granted, and its attorney is directed to prepare an appropriate order.