William McCLELLAN, Aetna Casualty and Surety Company, Plaintiff, Intervenor,

v.

Kermit Eugene POOLE, Defendant/Third Party Plaintiff,

v.

CITY OF DURANT, Third Party Defendant.

Civ. A. No. J87–0551(L).

United States District Court, S.D. Mississippi, Jackson Division.

April 27, 1988.

Clarence R. Scales, Scales & Scales, Jackson, Miss., for McClellan.

William C. Reeves, Markow, Walker, Reeves & Anderson, Jackson, Miss., for Aetna Cas. & Sur. Co.

Mark C. Carlson, Erwin C. Ward, Stennett, Wilkinson & Ward, Jackson, Miss., for Poole.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of third-party defendant City of Durant to dismiss the third-party complaint brought against it by Kermit Eugene Poole. Defendant/third-party plaintiff Poole timely responded to the motion and the court has considered the memoranda of authorities submitted by the parties.

On March 1, 1985, plaintiff William McClellan, a sanitation worker for the City of Durant, was injured when a tractor-trailer truck operated by Poole collided with the garbage truck on which plaintiff was riding. McClellan received worker's compensation benefits from the City's worker's compensation carrier and also brought this action against Poole alleging negligence and seeking actual and punitive damages.[1] Along with Poole's answer, which consisted of a general denial, he filed a third-party complaint against the City of Durant alleging that the driver of the garbage truck, as agent for the City of Durant, was negligent and that such negligence was the sole proximate cause of McClellan's injuries.

The third-party complaint alleges two counts for recovery against Durant. The first count demands recovery in the amount of $577 for damages to Poole's vehicle arising out of the accident. Poole in the second count seeks "complete indemnity from the City" for any and all sums for which he may be held liable to McClellan. The City has moved to dismiss count two, the indemnity count, for failure to state a claim upon which relief may be granted and further to dismiss count one for lack of subject matter jurisdiction. Dismissal pursuant to Rule 12(b)(6) is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Durant, the third-party defendant, seeks dismissal of count two based on its assertion that indemnity is not proper under the facts alleged and consequently cannot form the basis of a third-party claim.

■ Rule 14, which governs third-party practice, provides that a defending party, as a third-party plaintiff,

> may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the

plaintiff's claim against the third-party plaintiff.

While Rule 14 governs the procedure for impleading third parties, reference must be had to applicable state law to determine whether there is a substantive right to the relief sought. 6 C. Wright and A. Miller, *Federal Practice and Procedure* § 1451 (1971). Only where state law provides a substantive basis for recovery is impleader permissible.

Although Poole, in count two of the complaint, relies on an alleged right of indemnity as the basis for his claim against the City, his brief in opposition to the City's motion to dismiss refers both to contribution and indemnity and implies that he may recover under either theory. Though these concepts are related, there is an important substantive difference between the two. The purpose and effect of contribution is the distribution of loss among joint tortfeasors or those who otherwise have a common liability by requiring each to pay a proportionate share to one who has discharged their "joint" liability. W. Prosser & W. Keeton, *The Law of Torts* § 51 (5th Ed. 1984). Indemnity, on the other hand, is the right of a person who has been made to pay what another should have paid to obtain complete reimbursement. *See id.; see also St. Louis–San Francisco Ry. Co. v. United States*, 187 F.2d 925, 927 (5th Cir. 1951) (right of indemnity as opposed to contribution arises in favor of one not actively at fault against an active wrongdoer); 18 Am.Jur.2d *Contribution* § 2 (1985). Thus, the principle of contribution allows apportionment of liability between or among joint tortfeasors whereas indemnity allows one who has discharged a common liability to be made whole.

■ Under Mississippi law, the availability of contribution is governed by statute, Miss.Code Ann. § 85–5–5 (1972), and requires that several conditions be met before contribution may be sought; that is, the alleged joint tortfeasors must be sued jointly, a joint judgment must be rendered

---

**1.** The City's worker's compensation carrier, Aetna Casualty and Surety Company, intervened in this cause asserting subrogation rights pursuant to Miss.Code Ann. § 71–3–71 (1972) in the event of any recovery by McClellan.

against them[2] and one of the joint tortfeasors must have paid more than his or her pro rata share of the judgment. *See Klaas v. Southern Continental Lines*, 225 Miss. 94, 82 So.2d 705 (Miss.1955). Thus, the contribution statute is applicable only in an action for damages where a judgment is rendered against two or more defendants jointly and severally as joint tortfeasors; it is inapplicable where a defendant is sued alone as a tortfeasor. *Hood v. Dealers Transport Co.*, 472 F.Supp. 250 (N.D.Miss. 1979). Coupled with this is the rule of law in Mississippi that joint tortfeasors are jointly and severally liable to the plaintiff who, at his election, may sue fewer than all and recover full damages from those sued. *See Campbell v. Schmidt*, 195 So.2d 87, 89–90 (Miss.1967). It has been recognized that

> in those states that require plaintiff to secure a joint judgment against tortfeasors as a precondition to the accrual of any right of contribution between or among them, an alleged joint tortfeasor who was not sued by the original plaintiff cannot be made a third-party defendant.

*Wright & Miller* § 1451. Third-party plaintiff Poole acknowledges this as the general rule but argues that application of the rule in the case at bar would violate the fifth and fourteenth amendments of the United States Constitution on equal protection grounds and would similarly violate the fourteenth amendment of the Mississippi Constitution.

Poole's specific constitutional objection appears to be as follows: Plaintiff McClellan is prohibited from seeking recovery in tort against his employer, the City of Durant, due to the exclusivity provisions of the Worker's Compensation Act. *See* Miss. Code Ann. § 71–3–9 (1972). This effectively renders the City immune from suit. Were it not for the immunity afforded the City of Durant, McClellan could have sued

the City as a joint tortfeasor and thereby recover a judgment solely against the City or at the very least a joint judgment against Poole and the City. But because McClellan cannot sue his employer, the City, Poole is thereby deprived of what he terms a "clear, valuable and substantial right of contribution." Poole's argument, however, ignores a most important point. Contribution is not an absolute right conferred on a joint tortfeasor but instead depends entirely upon the plaintiff's seeking and obtaining a judgment against other tortfeasors. Further, a plaintiff may sue any or all joint tortfeasors, and by suing fewer than all, for whatever reason, effectively bars the named defendant from seeking contribution from others. The fact that the plaintiff is precluded from recovery against a potential joint tortfeasor by operation of law, such as by the exclusivity provision in the worker's compensation statute, does not change the result. Contribution remains unavailable to the defendant actually sued. This is particularly so in the case of an employer protected from direct suit by the worker's compensation statute since in that situation, the City of Durant would have no common liability with Poole and therefore could not be a joint tortfeasor such that a right of contribution could arise. *See Parker v. Stetson–Ross Machine Company, Inc.*, 427 F.Supp. 249 (D.S.D.1977); *Prosser & Keeton* § 50, at 339–40 (no liability for contribution where alleged contribution defendant has defense of worker's compensation exclusivity); *cf. Hood v. Dealers Transport Co.*, 472 F.Supp. at 254 (defendant who alleged negligence of decedent's father not entitled to contribution from him where decedent could not himself have sued his father).

■ Since defendant Poole may not obtain contribution from the City of Durant, the court turns its consideration to Poole's indemnity claim and finds that it is likewise without merit.[3] Under Mississippi law, in-

---

2. A plaintiff's obtaining a joint judgment is the manner in which the joint tortfeasors incur a common liability. Should but one of the joint judgment debtors satisfy the obligation imposed by the judgment, he may proceed against the others for contribution for their pro rata share.

3. In his brief, Poole does not address the propriety of indemnity but rather argues solely for the application of contribution, referring to indemnity and contribution interchangably. However, as previously noted, the two are related but different concepts. Since Poole's third-par-

demnity may be contractual or it may be implied. Since there is no allegation or claim that there exists a contract for indemnity between Poole and the City of Durant, the doctrine of non-contractual implied indemnity must furnish the basis for recovery. Two critical prerequisites for the invocation of implied indemnity are that

> (1) The damages which the claimant seeks to shift are imposed upon him as a result of some legal obligation to the injured person; and (2) it must appear that the claimant did not actively or affirmatively participate in the wrong.

*Home Ins. Co. of New York v. Atlas Tank Mfg. Co.*, 230 So.2d 549, 551 (Miss.1970). Under the facts alleged in the pleadings, the court finds that no form of indemnity is available to third-party plaintiff Poole. According to both plaintiff McClellan and Poole, at the time of the accident, the City of Durant's garbage truck, which had been traveling in a westerly direction, had stopped on the side of Highway 12 to make a pick-up. A portion of the truck was on and a portion was off the highway. About that time, Poole was traveling west on Highway 12 in a tractor-trailer rig. Poole claims that when he attempted to pass the City's garbage truck, suddenly and without warning the truck pulled onto the highway and thereby caused the collision.[4]

In Mississippi, there must be a qualitative distinction between the negligence of two tortfeasors, *i.e.*, passive as opposed to active or negative as opposed to positive, in order to support an action for indemnity. *Id.* So, indemnity will not lie where the defendant/third-party claimant's liability, if any, would be the result of active wrong on its part. *Callon Petroleum Co. v. Big Chief Drilling Co.*, 548 F.2d 1174, 1180 (5th Cir.1977). In the case *sub judice*, "the third-party complaint does not allege any more active negligence than that which

would support a judgment against [Poole] on plaintiff's claim."[5] *Lopez v. Brackett Stripping Machine Company*, 303 F.Supp. 669, 670 (N.D.Ill.1969). That is, "the conduct of both drivers—[Poole and the City driver]—whether negligent or not, actively contributed to the collision." *Dean v. Whites*, No. DC 75–22–K, slip op. at 4 (N.D. Miss.1975). Were a jury to conclude that Poole is liable to plaintiff, that liability would necessarily rest upon a finding of negligence on Poole's part. More particularly, if Poole were held responsible for McClellan's injuries, it would be "either because of [his] active misconduct or [his] failure to act when the circumstances dictated[,]" *Callon Petroleum*, 548 F.2d at 1180, neither of which could be appropriately characterized as passive. Consequently, since any negligence by Poole was active, he would have no claim for indemnity.

This court agrees with the observation made in *Dean v. Whites* that

> it would be ... unseemly to inject into an ordinary two-car collision accident the extraneous issue of whether the driver sued was merely passively negligent and the driver not sued was actively negligent.... [W]e must decline to allow third-party plaintiffs to utilize Rule 14 ... as a device to force contribution among joint tortfeasors, contrary to the substantive law of Mississippi.

*Dean*, slip op. at 4. Accordingly, the court is of the opinion and so finds that the motion to dismiss the third-party complaint in this cause should be granted.

■ Count one of the third-party complaint, which consists of Poole's claim for property damage to his truck, is not the proper subject of a third-party complaint. Under Rule 14, a defendant may bring any person not a party to the action "who is or may be liable to the third-party plaintiff for

---

ty complaint is predicated on the concept of indemnity, this court must consider whether under the facts alleged, indemnity is applicable.

**4.** According to the version espoused by McClellan, the garbage truck did not pull onto the highway but was merely stopped for a pick-up on the shoulder of the road when the vehicle operated by Poole plowed into the side of the

truck. However, on this motion to dismiss, the court accepts as true the facts alleged by the nonmovant, Poole.

**5.** Clearly, the issue of indemnity would never arise were a jury to conclude that Poole was not negligent; there would be no liability to pass on to the third-party defendant.

all or part of the plaintiff's claim against a third-party plaintiff." Inasmuch as the court finds that dismissal for failure to state a claim is appropriate as to count two, court one must also be dismissed.

It is, therefore, ordered that the motion to dismiss the third-party complaint is granted.