**Amada Suzana STRINGFELLOW and Robert H. Stringfellow, Her Husband, Plaintiffs,**

**v.**

**Thomas J. REED and Betty H. Cain, Defendants,**

**v.**

**The DEVINEY COMPANY and Sea Land Construction & Engineering Systems, Inc., Third–Party Defendants.**

**Civ. A. No. W89–0123(B).**

United States District Court, S.D. Mississippi, W.D.

June 29, 1990.

---

James W. Nobles, Jr., Jackson, Miss., for Amada Suzana and Robert H. Stringfellow.

Daniel J. O'Beirne, Natchez, Miss., William M. Dalehite, Jr., Steen Reynolds Dalehite & Currie, Jackson, Miss., for Reed.

Thomas C. Gerity, Watkins & Eager, Jackson, Miss., for Sea Land Const., Deviney.

Lucius B. Dabney, Jr., Dabney & Dabney, Vicksburg, Miss., & Philip A. LeTard, Vidalia, La., for Cain.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the separate Motions of the Third–Party Defendants to Dismiss pursuant to Fed.R. Civ.P. 12(b)(1) and 12(b)(6) or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. The Defendant–Third–Party Plaintiff Reed has responded to the Motions, and the Court, having considered the Motions together with memoranda of authorities and attachments thereto, is of the opinion that the Motions are well taken and should be granted for the reasons given below.

## FACTUAL BACKGROUND

The allegations of the amended Third–Party Complaint arise out of a motor vehicle accident involving two automobiles and a pedestrian. The accident occurred on September 21, 1989, on the approach to the Mississippi River bridge at Natchez, Mississippi. D & C Construction Company, Inc. ("D & C"), a subsidiary of the Deviney Company ("Deviney"),[1] had a contract with South Central Bell Telephone Company to install telephone wires on the bridge. D & C subcontracted the work to Sea Land Construction and Engineering Systems, Inc. ("Sea Land"). Mrs. Amada Stringfellow, the Plaintiff, was an employee of Sea Land at the time of the accident, and was acting within the scope of her employment as a flag person, traffic controller and traffic director at the scene of the accident. In the complaint, the Third–Party Plaintiffs allege that her negligence in the execution of her duties as a flag person was the proximate cause of a collision between vehicles operated by the Defendants Reed and Cain. The force of the collision is alleged to have caused Cain's vehicle to collide with Mrs. Stringfellow, causing the

---

**1.** The Third–Party Defendant Deviney has stated in its motion for Dismissal that D & C is its subsidiary and that it would have no objection to an amendment by Plaintiff so stating and joining D & C as the proper corporate entity.

personal injuries alleged in her complaint as well as her husband's derivative injuries.

The amended Third–Party Complaint alleges that Sea Land is liable to Third–Party Plaintiff Reed for all sums that may be adjudged against him in favor of Mr. and Mrs. Stringfellow because along with other alleged acts of negligence:

(1) Sea Land employed Mrs. Stringfellow to work at a dangerous, busy and heavily-traveled intersection at a time when she was inexperienced, untrained and unqualified, and while other qualified and trained individuals and proper equipment were available to handle traffic control duties.

It is undisputed that Sea Land secured workers' compensation coverage for Mrs. Stringfellow and that its carrier, USF & G, has continued to pay both compensation and medical benefits to Mrs. Stringfellow.

## ANALYSIS

Having secured compensation benefits to its employee, Mrs. Stringfellow, Sea Land is protected from tort liability to Mrs. Stringfellow or anyone else with a claim arising on account of her injuries by Miss. Code Ann. § 71–3–9 (Rev.1989), which provides that workers' compensation is the exclusive remedy against an employer for an employee's job-related injuries. Because it is undisputed that the general contractor in this case (Deviney or D & C) required its subcontractor Sea Land to provide and maintain compensation coverage on its employees, the general contractor is a "statutory employer" under Miss.Code Ann. § 71–3–7 and also enjoys tort immunity under the rule established in *Doubleday v. Boyd Construction Co.*, 418 So.2d 823 (Miss.1982). This tort immunity extends to suits by third parties in the position of Reed who seek to recover contribution from an allegedly negligent employer where the third party is sued by the injured employee. *McClellan v. Poole*, 692 F.Supp. 687 (S.D.Miss.1988); *Parker v. Stetson–Ross Machine Co.*, 427 F.Supp. 249 (D.S.D.1977).

Reed argues that since Mississippi's contribution statute, Miss.Code Ann. § 85–5–5,

has been repealed and replaced with section 85–5–7, which requires that liability be apportioned by the fact-finder among joint tortfeasors according to their degree of fault, Sea Land and Deviney (or D & C) are at least necessary parties under Fed.R. Civ.P. 19, since the jury cannot apportion fault to one who is not a party to the suit. Thus, the precise question raised by this Motion is whether Miss.Code Ann. § 85–5–7, as amended effective July 1, 1989, is designed to permit a tort-feasor to compel contribution from an injured employee's employer and its general contractor who have provided workers' compensation coverage, notwithstanding the exclusive remedy provisions of Miss.Code Ann. § 71–3–9 as recognized in *Doubleday*. The Court finds that because of the operation of the exclusive remedy doctrine of workers' compensation law, Sea Land and Deviney (or D & C) are not joint tortfeasors with Reed, and his argument is not well taken. *See McClellan*, 692 F.Supp. at 689.

Mississippi Code Annotated § 85–5–7(8), provides: "Nothing in this section shall be construed to create a cause of action. Nothing in this section shall be construed, in any way, to alter the immunity of any person." Accordingly, the new statute does not affect the tort immunity of Sea Land or its general contractor Deviney (or D & C), nor does it overrule *McClellan*.

The *McClellan* case also held that common law indemnity was inapplicable to a case such as this, reasoning:

In Mississippi, there must be a qualitative distinction between the negligence of two tortfeasors, i.e., passive as opposed to active or negative as opposed to positive, in order to support an action for indemnity. So, indemnity will not lie where the defendant/third-party claimant's liability, if any, would be the result of active wrong on its part.

*McClellan*, 692 F.Supp. at 689–90 (citations omitted). Accordingly, Reed's claim for indemnity must be dismissed also.

For the foregoing reasons, the Amended Third–Party Complaint against Deviney

and Sea Land should be dismissed with prejudice.

IT IS SO ORDERED.