Neal **WHITE**, Plaintiff,

v.

**ESMARK APPAREL, INC., d/b/a Pennaco Hosiery, a Division of Esmark Apparel, Inc., Defendant.**

Nos. EC90–57–S–D, EC90–122–S–D.

United States District Court,
N.D. Mississippi, W.D.

April 20, 1992.

1. These actions have now been consolidated.

Claude V. Bilbo, Jr., Batesville, Miss., Grady F. Tollison, Tollison, Austin & Twiford, Oxford, Miss., for plaintiff.

Cheri D. Green, Brunini, Grantham, Grower & Hewes, Jackson, Miss., for defendant.

## OPINION

SENTER, Chief Judge.

This case involves allegations that the plaintiff, Neal White, an employee of the City of Grenada, Mississippi, was injured as a result of defendant's releasing certain substances into the city sewer system. Mr. White's spouse later filed a separate loss of consortium action.[1] This cause is now before the court on defendant's motion to join the City of Grenada, not as an "actual named defendant," but as a "phantom par-

ty," pursuant to Fed.R.Civ.P. 14 and 19.[2]

## DISCUSSION

In support of its motion, defendant argues that in order for it to take advantage of Miss.Code Ann. § 85–5–7, which limits the liability of a joint tortfeasor to "the amount of damages allocated to him in direct proportion to his percentage of fault," Miss.Code Ann. § 85–5–7(3), the City of Grenada must be joined as a defendant in this action. Defendant acknowledges, however, that Mr. White cannot sue the City directly, *see* Miss.Code Ann. § 71–3–9, and that it likewise cannot seek contribution from the City. *See Stringfellow v. Reed,* 739 F.Supp. 324 (S.D.Miss.1990); *McClellan v. Poole,* 692 F.Supp. 687 (S.D.Miss.1988). Rather, defendant bases its request to join the City as a phantom party on language in § 85–5–7: "[T]he liability for damages caused by two (2) or more persons shall be joint and several only to the extent necessary for the [plaintiffs] to recover fifty percent (50%) of [their] recoverable damages." Miss.Code Ann. § 85–5–7(2). Defendant characterizes this as a "statutory mandate to allocate fault between all potentially negligent persons."

The precise questions presented here— (1) whether the addition of a phantom party is procedurally recognized, and (2) if so, whether the City can be made a phantom party, rather than a named party, for the sole purpose of allowing the jury to allocate fault—have not been addressed by the Mississippi Supreme Court or the Fifth Circuit.[3] Other circuits, however, have considered these exact questions and guide this court in reaching a decision.

## I.

The only courts which consistently use the phantom party concept are the Tenth Circuit, which encompasses the United States District Court for the District of Kansas, and the Kansas state courts. The cases which arise from these courts unanimously hold that a city *must* be joined as a phantom party so that the jury can fully apportion fault even though the city is immune from suit. *See, e.g., Hardin v. Manitowoc–Forsythe Corp.,* 691 F.2d 449 (10th Cir.1982) (Kansas statute allows defendant to force comparison of fault with third parties, but formal joinder is not necessary prerequisite to comparing fault of another); *Anderson v. National Carriers, Inc.,* 10 Kan.App.2d 203, 695 P.2d 1293 (1985) (although plaintiff's employer could not be made actual party to negligence action or be held liable for its proportionate fault, employer was necessary party for purpose of considering and allocating proportional fault and could therefore be joined as phantom party for comparison purposes). These cases, however, are based on a Kansas state statute which mandates the addition of any party "whose causal negligence is claimed to have contributed to [the plaintiff's] death, personal injury, property damage, or economic loss. . . ." Kan.Stat.Ann. § 60–258a(c). As recognized by the Kansas district court, "The joinder mechanism of KSA 60–258(c) is unique to Kansas. . . ." *Stueve v. American Honda Motors Co., Inc.,* 457 F.Supp. 740, 750 (D.Kan.1978).[4]

---

**2.** This reflects the way in which defendant styled the instant motion; defendant does not further mention or discuss either Rule 14 or 19. Indeed, when plaintiffs addressed the inapplicability of these rules in their response, defendant rebutted that "Plaintiff[s] attempt[ ] to muddy the waters by suggesting that [defendant's] Motion must fail because of joinder prohibitions. The Plaintiff[s] [have] misconstrued [defendant's] intentions." Defendant then proceeds to argue the merits of its request for joinder based solely on a Mississippi state statute which is discussed *infra.*

**3.** In *Frazier v. Esmark Apparel, Inc.,* a case arising out of the same events as the one at bar,

Judge Biggers, without written opinion, denied an identical motion. *See Frazier v. Esmark Apparel, Inc.,* WC90–75–B–D (N.D.Miss. Aug. 7, 1991) (unpublished order).

**4.** The only other courts to recognize the use of the phantom party concept are the United States Court of Appeals for the Eighth Circuit, which encompasses the Arkansas courts, and the Oklahoma Supreme Court. *See Chaney v. Falling Creek Metal Products, Inc.,* 906 F.2d 1304 (8th Cir.1990); *Bode v. Clark Equipment Co.,* 719 P.2d 824 (Okla.1986). Decisions which are based on either Arkansas or Oklahoma law are also distinguishable from the case at bar in that the comparative negligence statutes from these

This court is of the opinion that unlike the Kansas statute, § 85–5–7 does not contain a clear command that alleged joint tortfeasors be joined as parties to an action. In no instance has the Fifth Circuit or the Mississippi courts recognized the use of so called phantom parties. This is certainly not a concept recognized by the Federal Rules of Civil Procedure. Without any clear guidance from the Mississippi Supreme Court or the Mississippi state legislature, this court will not presume that § 85–5–7 mandates the joinder of alleged joint tortfeasors, even as phantom parties, so that fault can be apportioned among potentially negligent entities. *Cf. Harris v. Magee,* 573 So.2d 646, 653 (Miss.1990) (insurance company urged state supreme court to follow foreign jurisdictions in determining whether plaintiff could stack uninsured motorist coverage under commercial fleet policy; court concluded that Mississippi uninsured motorist statute controlled, not that of other jurisdictions, stating, "While we are impressed by the volume of authority and respect their opinions, we are not persuaded to follow them").

The court recognizes the complex issues presented by the unclear scope of § 85–5–7 and acknowledges the merits of each party's position. In reaching its decision, this court believed that the scales tipped in favor of orthodoxy, in other words, against the unusual notion of a "phantom party." Without expressing its opinion at this time or interfering with the judgment of counsel, the court suggests that defendant may wish to request, pursuant to 28 U.S.C. § 1292(b), an appeal of this interlocutory order. Of course, the burden would be· on defendant to establish its right to such a procedure, and plaintiffs would have an opportunity to oppose this request, if made. Unfortunately, Rule 20 of the Mississippi Supreme Court Rules, which governs certified questions from federal courts, is not available to this court but may be utilized by the United States Court of Appeals for the Fifth Circuit.

states disallow recovery by a plaintiff if the plaintiff's negligence equals or exceeds the negligence of others. *See* Ark.Code Ann. § 16–64–122; Okla.Stat. tit. 23, § 13.